**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

April 20, 2017

Tamara Epps
13 Woodlawn Avenue FL 1
Jersey City, NJ 07305
*Pro Se Plaintiff*

Ashley Laura Costello
Office of the Attorney General
25 Market Street
P.O. Box 116
Trenton, NJ 08625
*Counsel for Defendants Superior Court*
*of New Jersey, Hudson Vicinage; Judge*
*Salvatore Bovino; Nancy Domanski;*
*and Michelle Finikin*

Michael L. Dermody
Office of Hudson County Counsel
Administration Building Annex
567 Pavonia Avenue
Jersey City, NJ 07306
*Counsel for Defendant Cheryl Kiernan*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

   Re:   **Epps et al. v. Superior Court of Jersey City et al.**
         **Civil Action No. 16-2455 (SDW) (LDW)**

Litigants:

        Before this Court are Defendant Cheryl Kiernan's Motion to Dismiss and Defendants
Superior Court of New Jersey, Hudson Vicinage; Judge Salvatore Bovino; Nancy Domanski; and

Michelle Finikin's Motion to Dismiss Plaintiff Tamara Epps' Complaint[1] pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has not opposed either motion.

This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendants' Motions to Dismiss.
.

## I.    DISCUSSION

### A.  Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

### B.  Plaintiff Fails to State a Claim Upon Which Relief Can be Granted

Plaintiff's Complaint suffers from several deficiencies and thus will be dismissed.  First, her Complaint is time-barred because it was filed after the expiration of the applicable statute of limitations period.  The statute of limitations for § 1983 actions in New Jersey is two years.[2]  *See Backof v. New Jersey State Police*, 92 F. App'x 852, 855 (3d Cir. 2004); *see also* N.J.S.A. § 2A:14–2.  These claims accrue "when the plaintiff knew or should have known of the injury upon which [her] action is based."  *Giles v. City of Philadelphia*, 542 F. App'x 121, 122–23 (3d Cir. 2013) (internal marks omitted).  Plaintiff appears to allege the Superior Court of New Jersey and individual Defendants conducted an improper DNA paternity test and furnished Plaintiff's family

---

[1]    Although both Tamara Epps and George Hopper are listed in the Complaint's caption as Plaintiffs, it does not appear that George Hopper is actually a party to this litigation, as the Complaint is only signed by Ms. Epps.  (*See* Dkt. No. at 5.)

[2]    Plaintiff does not bring her claims under a particular theory of liability, however this Court construes her Complaint as a civil action for deprivation of rights pursuant to 42 U.S.C. § 1983.

with false test results in 2005.  (*See* Dkt. No. 1 at 3-5, 17, 18, 26).[3]  As Plaintiff did not file her Complaint until May 2, 2016, her claims are barred by the applicable two-year statute of limitations.[4]

Plaintiff's Complaint also fails because it names Defendant New Jersey Superior Court as well as individual Defendants in their official capacity, which are entitled to sovereign immunity under the Eleventh Amendment.[5]  It is well established that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted).

Finally, the Complaint will be dismissed because this Court lacks subject matter jurisdiction over Plaintiff's claims.  There exists "a well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision."  *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000).  This Court is prohibited "from adjudicating actions in which the relief requested requires determining that the state court's decision is wrong or voiding the state court's ruling."  *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003).  Adjudicating Plaintiff's claims would require this Court to review the Superior Court of New Jersey's Order in Plaintiff's underlying family court matter, over which this Court has no subject matter jurisdiction.

## II.    CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**.  An appropriate Order follows.

**SO ORDERED**.


____/s/ /Susan D. Wigenton_____

SUSAN D. WIGENTON, U.S.D.J

---

[3]     For clarity, this Court will refer to the docket entry number for submissions filed electronically with the Court.

[4]     The New Jersey Superior Court, Hudson Vicinage denied an application filed by Plaintiff contesting these DNA results on September 26, 2007.  (Dkt. No. 1 at 19-23.)  The New Jersey Superior Court, Appellate Division affirmed this denial on October 23, 2008.  (*Id*. at 39-41.) Nothing before this Court indicates Plaintiff ever filed any appeal to the New Jersey Supreme Court.

[5]     Defendant Judge Salvatore Bovino is also entitled to absolute judicial immunity for any alleged acts taken in his judicial capacity.  *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Randall v. Brigham*, 74 U.S. 523, 535–36 (1868); *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000).

Orig:	Clerk
cc:	Parties
	Leda D. Wettre, U.S.M.J.